BRETT L. TOLMAN United States Attorney (#8821)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of American
185 South State Street, Suite 400
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No: 2:07 CR 873 TC |
| Plaintiff, | : | |
| | : | SENTENCING MEMORANDUM |
| vs. | : | FILED UNDER SEAL |
| | : | |
| PATRICK MICHAEL CAREY, | | |
| | | Hon. Tena Campbell |
| | : | |

_____

The defendant, Patrick Carey, filed for a reduction in his sentence on several grounds. The United States, through the undersigned files this response.

***Background***

Mr. Carey chatted with an individual he believed was a 13 year old female in Price, Utah. Mr. Carey asked for the physical measurements of this girl, and repeatedly asked her to delete the records of their chats so her parents would not discover their

1

content. In the chats he discussed building up to sexual intercourse with this 13 year old and arranged a meeting with this individual.  Mr. Carey drove from the Salt Lake City area to Price, Utah, a distance of several hours to meet this "girl" for a sexual liason.

Mr. Carey plead guilty to the lesser charge of transportation of the name of a minor for purposes of enticement, and avoided a mandatory minimum sentence of ten years as originally charged.

## I. Factors under 18 U.S.C. § 3553

This Court may consider the factors listed under § 3553. Specifically, the United States contends that a sentence of 46 months is needed to afford general deterrence to others committing similar crimes, the risk of highly disparate sentences, and the characteristics of this offense and Mr. Carey do not support further reduction in his sentence.

### A. Congress intended to send a strong deterrence message to those involved in the sexually solicitation of young people on-line

Because Mr. Carey stands convicted of a sexual offense under Title 117,  this Court should look to 18 U.S.C. § 3553 (b)(2), and Congressional concerns regarding illegal use of the internet to exploit children.  The United States urges this Court to cautiously review the requested downward departures in light of Congress' special concern for sexual offenders expressed in both 18 U.S.C. § 3553(b)(2), U.S.S.G. § 5K2.0(b), and the legislative history of 18 U.S.C.  § 2425. As noted in the Sentencing

Guidelines:

> As reaffirmed in the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (the "PROTECT Act", Public Law 108-21) circumstances warranting departures should be *rare*. Departures were never intended to permit sentencing courts to substitute their policy judgments for those of Congress and the Sentencing Commission. Departure in such circumstances would produce unwarranted sentencing disparity, which the Sentencing Reform Act was designed to avoid.

U.S.S.G. § 5K2.0, Background (emphasis added). Though the guidelines are no longer mandatory, what remains is Congress' express disapproval of downward departures in cases involving the sexual exploitation of children. *See, e.g.,* U.S.S.G. § 5K2.22.

Further, in 1998, when enacting 18 U.S.C. § 2425, Representative Dunn, a sponsor of the legislation noted:

> This rule makes in order several important amendments that will further strengthen an already strong bill, ensuring that we leave no doubt of Congress' desire to put a stop to Internet sex crimes. This important legislation introduced by the gentleman from Florida, (Mr. McCollum) and myself, is for mothers and dads throughout this country who are doing everything they can to keep their children safe and innocent, but may not be aware of the pedophiles who are cruising the Internet.
>
> In an era where the boundaries of our communities are increasingly irrelevant, pedophiles are using the anonymity of the Internet to pose as minors and befriend vulnerable children who are unknowingly lured into very dangerous situations.

144 Cong. Rec. H4485, LEXSEE, pp. 5-6. The Guidelines, the legislative history, and the PROTECT Act, all express Congress' concerns with sexual crimes in the United States, particularly those involving Internet usage.

In *United States v. Robertson,* the Court quoted from the legislative history related to the computer enhancement and the comments of Senator Hatch when reviewing the

3

rationale for this enhancement:

> [W]e must also be vigilant in seeking to ensure that the Internet is not perverted into a hunting ground for pedophiles and other sexual predators, and a drive-though library and post office for purveyors of child pornography. . . . One step that we can take is to ensure strong penalties for those who use the Internet for these horrible purposes.

340 F.3d 1109, 1113 (10th Cir. 2003); (*quoting* 144 Cong. Rec. H10,522 (daily ed. Sept.17, 1998)(statement of Senator Hatch). To counter the evils of Internet usage related to the sexual abuse of minors, Congress in 1998 imposed harsher penalties on defendants who used computers to commit their offenses. *Id.* at 1114 (internal citations omitted). The Tenth Circuit noted, " . . . if the penalties for using the computer medium are especially severe, the hope is that pedophilic predators will cease to find cyberspace such a safe and attractive hunting ground." *Id. See also, United States v. McGraw,* 351 F.3d 443, 445-447 (10th Cir. 2003)("It would be inconsistent with Congress's broad intend to let offenders evade the enhancement simply by working out the logistics of an internet-arranged tryst offline.").

Accordingly, the United States urges this Court to sentence Mr. Carey to a term of 46 months, to reflect Congress' strong concerns withe the prevalence of these offenses.

### B. Further reduction will create a disparity in sentencing.

18 U.S.C. § 3553 requires this court avoid disparity in sentencing. A sentence of 46 months, is within the recommended guideline range and commensurate with sentences of other defendants who have committed similar offenses.

### C. Characteristics of the Offense

The facts of this offense involve Mr. Carey traveling several hours to meet an individual he believed was a 13 year old minor female for illegal sexual activity.

### D. Characteristics of Mr. Carey

According to the psychosexual, Mr. Carey presents a low risk of reoffense,. However, the government's concerns surround Mr. Carey's willingness to travel a significant distance to engage in this liason. Mr. Carey willingly chatted with an individual he believed to be a 13 year old female, he suggested illegal sexual activity with that female, and then drove several hours to meet that individual for the sexual activity described.  Mr. Carey clearly knew of the illegality of his conduct as evidenced by his frequent requests in the chat that she erase or delete the chats so her parents would not discover their discussions.

### E. Treatment resources available in the Federal correction system

The sex offender treatment program is currently available in Devens, Massachusetts, if Mr. Gull chooses to participate in this program. The SOTP requires voluntary participation by defendants, involves both individual and group therapy, and includes the use of polygraphs as a part of treatment. The length of the treatment program typically ranges from 18-33 months which occurs at the end of a defendant's term of incarceration.  This timing helps to insure that defendants have the greatest help to avoid recidivism prior to their re-entry into society.

Additionally, all federal correctional facility have an on-staff psychiatrist and accordingly, arrangements can be made to continue therapy begun by Mr.Gull at any facility where he is designated.

Additionally, sex offender management programs are now available at FCI Marion, Illinois (medium security), FCI Marianna, Florida (medium), FCI Petersburg (medium), USP Tuscon, AZ (high), and FCI Seagoville, Texas (low). The sex offender management programs do not include the voluntary sex offender treatment program that is currently housed in Devens, Massachusetts. However, these facilities and this program offer intensive sex offender group therapy and treatment. It is the BOP's intention to keep approximately 40% of the population at these facilities sex offenders, and allows the BOP to focus many of its treatment options for sex offenders on these facilities.

### *Conclusion*

For the foregoing reasons, and additional reasons to be raised at the hearing before this Court, the United States requests this Court deny Mr. Carey's motion for a reduction in his recommended Guideline sentence.

Respectfully submitted. Dated this 21st day of August, 2008.

*Karin M. Fojtik*

_____
Karin M.Fojtik
Assistant United States Attorney